IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JANIE DOE, a minor child, by and through
M.B. and S.B., her Parents and Natural Guardians,
and Individually,

    Plaintiff,

vs.

PALM BEACH COUNTY SCHOOL BOARD a/k/a
SCHOOL DISTRICT OF PALM BEACH COUNTY,
and DAX RANKINE, Individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, and, Individually, sues Defendants PALM BEACH COUNTY SCHOOL BOARD a/k/a SCHOOL DISTRICT OF PALM BEACH COUNTY (hereinafter referred to as SCHOOL BOARD) and DAX RANKINE, Individually, and alleges as follows:

### INTRODUCTION

1. This action arises out of the sexual assault and molestation of Plaintiff JANIE DOE by DAX RANKINE (Defendant RANKINE) her second through fourth-grade physical education teacher, who committed these heinous acts while working as an employee of the Palm Beach County School Board a/k/a District of Palm Beach County (Defendant SCHOOL BOARD).

2. During the 2017-2020 school years, until classes moved to online teaching due to the COVID pandemic in March 2020, Defendant RANKINE was JANIE DOE's physical education teacher at Sunset Palms Elementary School, a school operated by Defendant SCHOOL BOARD.

3. While acting as her teacher, Defendant RANKINE molested JANIE DOE by, first,

1

grooming her in second and third grade by touching her inner thighs and, later, her chest, during physical education classes and then, in fourth grade, physically raping her on more than one occasion with penile penetration in girls' bathroom facilities at the school.

4. JANIE DOE is informed, and believes that the BOARD was aware that Defendant RANKINE had a history of improperly touching young girls who were his students while he carried out his duties, and that he had engaged in other behavior, as set forth herein, that made RANKINE unfit to be a teacher, and did nothing to prevent the assaults.

## JURISDICTION AND VENUE

5. This Court has subject matter of Plaintiff JANIE DOE's Count I which is alleged under as a Violation of Title IX, 20 U.S.C. §§1681, *et seq.* ("Title IX") under 28 U.S.C.A. §1331 because the case arises under the laws of the United States.

6. The Court has jurisdiction over the balance of Plaintiff's related claims under this Court's supplemental pendent jurisdiction because they arise under the same nucleus of facts as her Title IX claim. 28 U.S.C.A. §1367(a).

7. Venue is proper Southern District of Florida, because all parties reside in this district and the incident from which this cause of action arises occurred in Palm Beach County, Florida. 28 U.S.C.A. §1391(b).

## PARTIES

8. At all times material hereto, Plaintiff JANIE DOE, a minor, was a resident of Palm Beach County, Florida, and under the age of 18. At all times material hereto, were the Parents and Natural Guardians of Plaintiff JANIE DOE, and were residents of Palm Beach County, Florida, over the age of eighteen, and otherwise *sui juris*.

9. Defendant PALM BEACH COUNTY SCHOOL BOARD is a political subdivision

of the State of Florida, which is duly authorized to, and holds its principal place of business in, Palm Beach County, Florida.

10. At all times material hereto, Defendant DAX RANKINE was a resident of Palm Beach County, Florida, over the age of eighteen, and otherwise *sui juris.*

## GENERAL ALLEGATIONS

11. In the 2017-2018 school year JANIE DOE was a second-grade student at Sunset Palms Elementary School, a school within the BOARD and RANKINE, an employee of the BOARD, was her Physical Education (PE) teacher.

12. In the 2018-2019 school year JANIE DOE was a third-grade student at Sunset Palms Elementary School, a school within the BOARD and RANKINE, an employee of the BOARD, was her PE teacher.

13. In the 2019-2020 school year JANIE DOE was a fourth-grade student at Sunset Palms Elementary School, a school within the BOARD and RANKINE, an employee of the BOARD, was her PE teacher until such time as the school temporarily moved to online instruction due to the COVID-19 pandemic.

14. JANIE DOE had been familiar with Defendant RANKINE since she was in Kindergarten and always found him "touchy" and that he stood too close to her.

15. During the 2017-2018 school year during PE class, Defendant RANKINE often touched JANIE DOE on the upper inner thigh while purporting to help her stretch.

16. This touching made JANIE DOE uncomfortable.

17. During the 2018-2019 school year during PE class, Defendant RANKINE continued to touch JANIE DOE but in addition to touching her inner thigh to "help" her stretch, he started placing his hands on her chest, grabbing her chest area.

18. This further touching made JANIE DOE even more uncomfortable.

19. Toward the end of the 2018-2019 school year or the beginning of the 2019-2020 school year, JANIE DOE arrived early at school as she often did because she like going to the cafeteria before class.

20. That morning, as she headed to the cafeteria, JANIE DOE entered one of the girls' bathrooms on the first floor at school, locked the door behind herself, and entered the handicap toilet stall because it afforded more room than the regular stalls.

21. As she exited the stall, she was surprised to see Defendant RANKINE who she presumed had used a key to enter the bathroom.

22. Defendant RANKINE grabbed JANIE DOE and pushed her back into the stall.

23. Defendant RANKINE told JANIE DOE that she would "get in trouble" if she did not do as he directed her and/or if she told anyone what had occurred.

24. Defendant RANKINE was aware that JANIE DOE had the reputation at school of being a quiet and obedient child who complied with teachers' instructions.

25. Defendant RANKINE then made JANIE DOE remove her lower clothes including her underwear.

26. After JANIE DOE removed her clothes as instructed by Defendant RANKINE, Defendant RANKINE turned her around, leaned her against the wall, and put his hand over her mouth.

27. Defendant RANKINE then raped JANIE DOE.

28. When Defendant RANKINE had finished raping JANIE DOE, she felt very sore.

29. Defendant RANKINE then left the girls' bathroom without saying anything to her.

30. JANIE DOE was shocked and disturbed by what had just occurred but did not

4

confide in her parents, any teachers, or the school administration because she was afraid about what would happen to her since Defendant RANKINE threatened her and told her she should not tell anyone what had happened.

31.    One day in early 2020, shortly before the school moved to online instruction due to the COVID-19 pandemic, JANIE DOE was in PE class near the Pavilion area of the school where there were individual, locking bathrooms.

32.    None of JANIE DOE's classmates were around that area near the Pavilion because they were scattered in different areas outside with different teachers.

33.    JANIE DOE needed to use the restroom, so she entered one of the bathrooms and locked the door behind herself.

34.    While JANIE DOE was in the restroom, she heard the door unlock from the outside.

35.    After the restroom door unlocked, Defendant RANKINE entered the bathroom and locked the door behind himself.

36.    Defendant RANKINE directed JANIE DOE to again disrobe herself on the bottom, turned her against the wall covering her mouth, and, again, raped her as he had done before.

37.    JANIE DOE did not report this incident to the school or her parents because, again, Defendant RANKINE told her that, if she told anyone, there would be big trouble.

38.    Shortly thereafter, Sunset Palms Elementary School closed temporarily, and classes moved online.

39.    Because of the school's closure, JANIE DOE no longer had contact with Defendant RANKINE.

40.    In or about 2006, Defendant RANKINE had applied with the Florida Board of Education for an educator's license for the State of Florida.

41. On or about November 21, 2006, the Florida Board of Education denied Defendant RANKINE's application for an educator's license.

42. The Department of Education reached it conclusion based on three (3) incidents in which:

(a) Defendant RANKINE was involved in an automobile accident after which he fled the scene; he was charged with Hit and Run Leaving Scene of Accident with Property Damage to which Defendant RANKINE pleaded guilty;

(b) Defendant RANKINE had verbally and physically abused a member of a store's security staff, throwing a bottle, and punching the staff member in the eye and about his head. Originally charged with Aggravated Assault, the state attorney ultimately reduced the charges to Simple Battery; and

(c) Defendant RANKINE was stopped by the police for driving while intoxicated or otherwise impaired, possession of an unknown substance packaged for sale, and drug paraphernalia. He was charged with (1) Drug Possession to Distribute, (2) Drug Violation Near School/Park, (3) Operating Under the Influence of Alcohol, (4) Operating Under the Influence of Drugs, (5) Marijuana Possession, and (6) Improper Operation of Motor Vehicle. Charges were dismissed after Defendant RANKINE completed a DUI program.

43. Based on these incidents, the Department of Education denied Defendant RANKINE's application based on (a) his lack of moral character, (b) evidence that Defendant RANKINE had committed acts that would have called for the revocation of a educator's certificate, (c) his gross immorality or an act involving moral turpitude, and (d) his guilty plea which provides *prima facie* ground for the revocation of an educator's certificate.

44. Defendant RANKINE appealed the Board of Education's decision and ultimately as of approximately May 4, 2007, the parties executed a settlement agreement under which Defendant RANKINE was afforded an educator's certificate with numerous conditions, the issuance of a letter of reprimand, and the payment of fines.

45. Despite this history and its receipt of the notice of reprimand, the SCHOOL BOARD employed Defendant RANKINE.

46. On or about July 7, 2019, Defendant RANKINE was stopped and arrested by the Palm Beach County Sheriff's Office for driving erratically at sixty miles per hour in a thirty mile an hour zone.

47. Defendant RANKINE initially ignored the sheriff officer's lights and siren.

48. There were "kids" in his vehicle whom Defendant RANKINE said he was taking to Bink's Forest to drink.

49. The original officer who stopped Defendant RANKINE and another officer summoned to conduct a DUI investigation both smelled alcohol on Defendant RANKINE's breath.

50. In addition, Defendant RANKINE exhibited other signs of intoxication including slurred speech and glassy, bloodshot eyes.

51. Defendant RANKINE refused to comply with a request that he submit a breath sample.

52. Defendant RANKINE was asked to complete a field sobriety test which he was unable to perform without swaying; in addition, during the "finger to nose" test, Defendant RANKINE's index finger did not touch the tip of his nose during 5 of 6 attempts and used the hand other than that which was called.

53. At that point, Defendant RANKINE was arrested.

54. Plaintiff is informed and believe that Defendant SCHOOL BOARD was notified of Defendant RANKINE's arrest under the Jessica Lunsford Act, pursuant to which "the Florida Department of Law Enforcement agreed to implement a database to track arrests of school district employees and contractors and notify the school districts when an employee is arrested."

55. Despite these reports, including a report that Defendant RANKINE had been arrested for a DUI while there were "kids" in his vehicle whom he was taking to go drinking, Sunset Palms Elementary School continued to employ Defendant RANKINE.

56. On or about November 1, 2023, JANIE DOE told her therapist what Defendant RANKINE had done to her while she was a student at Sunset Palms Elementary School.

57. JANIE DOE's therapist immediately reported what she was told to the Department of Children and Families ("DCF") reporting hotline.

58. On or about November 2, 2023, a DCR investigator from the DCF interviewed JANIE DOE and then contacted the Palm Beach County Sheriff's Office to involve them in the investigation.

59. Following the report to Sunset Palms Elementary School of Defendant RANKINE's assault on their child, the sheriff's officer assigned to the investigation by the Title IX Investigator recommended that Defendant RANKINE be charged with sexual assault.

60. Defendant RANKINE, through his attorneys, declined to participate in the Sheriff's Department and the DCF's investigations into the charges other than to say that he denied the allegations.

61. Defendant RANKINE also declined to speak with the SCHOOL BOARD's Title IX investigator on several occasions in 2024.

62. Despite the police report's recommendation that Defendant RANKINE be charged

with Sexual Battery on a person less than 12 years of age, Fla. Stat. 794.11(2)(a), the SCHOOL BOARD continued to employ Defendant RANKINE.

63. On April 1, 2024, Plaintiff JANIE DOE, M.B., and S.B. provided notice to Defendant SCHOOL BOARD as required by Fla. Stat. Section 728.28 through a statutory notice accompanied by an earlier draft of the instant complaint.

64. In Federal Court, the Courts apply Florida law with regard to the statute of limitations but apply Federal law with regard to the accrual of a claim. *See, e.g., Doe No. 6 v. Sch. Bd. of Highlands Cnty. Florida*, 2:19-CV-14487, 2021 WL 271461, at *2 (S.D. Fla. Jan. 26, 2021) (specifically holding that claims that might be time-barred in state court under *R.R. v. New Life Cmty. Church of CMA, Inc.*, 303 So. 3d 916, 923 (Fla. 2020) are not necessarily time-barred in Federal court due to different rules regarding accrual).

## COUNT I

### VIOLATION OF TITLE IX, 20 U.S.C. §§1681, *et seq.* AGAINST DEFENDANT SCHOOL BOARD

65. Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

66. At all relevant times, the educational programs and/or activities administered by Defendant SCHOOL BOARD at Sunset Palms Elementary School received federal financial assistance.

67. Plaintiff JANIE DOE had a right to not be subject to sexual discrimination, harassment, or abuse, including but not limited to sexual assault, while she participated in the educational programs and activities while a student at Sunset Palms Elementary School.

9

68. Plaintiff JANIE DOE's sexual assault by Defendant RANKINE was sexual discrimination and/or harassment prohibited by Title IX, 20 U.S.C. §§1681, *et seq*.

69. Defendant SCHOOL BOARD previously was aware that Defendant RANKINE was not an individual that should be permitted to be a teacher and have unfettered and unsupervised access to students on school grounds based on (a) prior incidents in which Defendant RANKINE engaged in violent behavior including assault and battery; (b) prior actions in which Defendant RANKINE was disciplined and/or pled guilty for inappropriate behavior; and (c) prior reports that Defendant RANKINE was "touchy" and had inappropriately touched students other than Plaintiff JANIE DOE.

70. Plaintiff is informed and believe that Defendant SCHOOL BOARD through its representatives including senior administrators at Sunset Palms Elementary School had actual notice of Defendant RANKINE'S violence and violation of rights because of prior complaints about his actions involving female students.

71. Plaintiff is informed and believe that Defendant SCHOOL BOARD and the senior administrators at Sunset Palms Elementary School each had authority to address the acts of abuse by Defendant RANKINE and institute corrective measures including, but not limited to, protecting Plaintiff JANIE DOE from having contact or, at the very least, unsupervised contact with Defendant RANKINE and not allowing Defendant RANKINE to possess and use passkeys for the restrooms on campus.

72. The decisions of Defendant SCHOOL BOARD and senior administrators at Sunset Palms Elementary School not to investigate the prior complaints against Defendant RANKINE, to retain Defendant RANKINE despite the prior complaints, and to refuse to institute any corrective

measures were official decisions to ignore the dangers, including the danger of sexual abuse, to the children.

73. These actions, and inactions, by Defendant SCHOOL BOARD and the senior administrators at Sunset Palms Elementary School amounted to deliberate indifference to the reports, and to JANIE DOE's right to not be subject to sexual discrimination, harassment, or abuse while she participated in the educational programs and activities while a student at Sunset Palms Elementary School.

74. Defendant RANKINE's conduct in touching JANIE DOE inappropriately during class, impermissibly accessing restrooms, and raping JANIE DOE are both threatening and willful acts that caused significant impairment to JANIE DOE's physical, mental, and emotional health, and which likewise caused her physical, mental, and sexual injury.

**WHEREFORE,** Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby prays for a judgment against DEFENDANT SCHOOL BOARD awarding compensatory damages pursuant to 42 U.S.C. §1988; attorneys' fees and costs pursuant to 42 U.S.C. §1988, and such other and further relief as this Court deems reasonable and just.

## COUNT II

## ASSAULT AGAINST DEFENDANT RANKINE

75. Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

76. On several occasions as described above, Defendant RANKINE wrongfully and unlawfully made efforts that led Plaintiff JANIE DOE in apprehension of improper contact with her person.

77. Prior to raping her, on multiple occasions Defendant RANKING touched JANIE DOE inappropriately on her thighs and her chest, including her breasts, while she was in class.

78. On two occasions, Defendant RANKINE entered a locked bathroom where JANIE DOE was present and forced her to disrobe and proceeded to rape her.

79. On each of these occasions described above Defendant RANKINE's actions caused JANIE DOE a fear of imminent peril, i.e., that he was going to further touch her inappropriately and/or rape her which he in fact did on two occasions.

80. Defendant RANKINE told Plaintiff JANIE DOE that she had to do what he demanded and that, if she told anyone what had happened, she would be in trouble.

81. Defendant RANKINE intended that his actions provoke fear in Plaintiff JANIE DOE

82. Defendant RANKINE's acts created a reasonable afear in Plaintiff JANIE DOE of immediate harmful or offensive contact.

83. As demonstrated by his repeated touchings and his rapes of JANIE DOE, Defendant RANKINE had the apparent and present ability to effectuate the actions that JANIE DOE feared.

84. As a direct and proximate result of Defendant RANKINE's wrongful acts, Plaintiff JANIE DOE suffered severe mental pain and anxiety, as well as great inconvenience and embarrassment.

**WHEREFORE,** Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby prays against DEFENDANT RANKINE for compensatory and punitive damages, costs, and such other relief this Court deems just and proper.

## COUNT III

## BATTERY AGAINST DEFENDANT RANKINE

85.     Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

86.     On several occasions, Defendant RANKINE wrongfully and unlawfully battered Plaintiff JANIE DOE by both touching her inappropriately and raping her on two occasions.

87.     Prior to raping her, on multiple occasions Defendant RANKING touched JANIE DOE inappropriately on her thighs and her chest, including her breasts, while she was in class.

88.     On two occasions, Defendant RANKINE entered a locked bathroom where JANIE DOE was present and forced her to disrobe and proceeded to rape her.

89.     Each of the touchings referenced in paragraphs above were both harmful and offensive contacts with Plaintiff JANIE DOE

90.     Defendant RANKINE committed these actions intending to cause, and causing, harmful and offensive conduct with Plaintiff JANIE DOE

91.     As a direct and proximate result of Defendant RANKINE's wrongful acts, Plaintiff JANIE DOE suffered severe mental pain and anxiety, as well as great inconvenience and embarrassment.

**WHEREFORE,** Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby prays against DEFENDANT RANKINE for compensatory and punitive damages, costs, and such other relief this Court deems just and proper.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST DEFENDANT RANKINE

92. Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

93. As to Defendant RANKINE, his actions in improperly touching and raping Plaintiff JANIE DOE were intentional and Defendant RANKINE knew that those actions would cause Plaintiff JANIE DOE to experience mental suffering.

94. Defendant RANKINE's actions were taken in the course and scope of his employment with Defendant SCHOOL BOARD.

95. Defendant RANKINE's conduct in improperly touching and raping JANIE DOE was outrageous; no child should be the victim of those actions, especially not by a teacher.

96. Defendant RANKINE intended to cause Plaintiff JANIE DOE emotional distress when he touched her inappropriately and raped her.

97. He also left Plaintiff JANIE DOE hopeless with regard to being able to report his assaults and batter because Defendant RANKINE told Plaintiff JANIE DOE that she had to do what he demanded and that, if she told anyone what had happened, she would be in trouble.

98. These actions were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious, and utterly intolerable in a civilized community.

99. As a direct, proximate, and foreseeable result of these intentional acts, JANIE DOE suffered severe mental pain and anxiety, as well as great inconvenience and embarrassment.

WHEREFORE, Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby prays against DEFENDANT RANKINE for compensatory and punitive damages, costs, and such other relief this Court deems just and proper.

## COUNT V

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST DEFENDANT SCHOOL BOARD

100. Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

101. Defendant SCHOOL BOARD had a duty of care toward Plaintiff JANIE DOE because she was a student under its care and supervision while she was an invitee on campus.

102. But for Defendant SCHOOL BOARD's negligence, Defendant RANKINE would not have had the opportunity to touch Plaintiff JANIE DOE improperly let alone the ability to access restrooms where Defendant RANKINE was able to rape JANIE DOE and cause her injuries.

103. Defendant RANKINE's improper conduct occurred in the course and scope of his employment and in furtherance of Defendant Palm Beach County SCHOOL BOARD interest.

104. These actions have had a harmful physical effect on Plaintiff JANIE DOE

105. Plaintiff JANIE DOE suffered psychological trauma as a result of Defendant RANKINE's assaults and rapes of her.

106. As a direct and proximate result of the Defendant's negligence, Plaintiff JANIE DOE suffered severe mental pain and anxiety, as well as great inconvenience and embarrassment.

WHEREFORE, Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby prays against DEFENDANT SCHOOL BOARD for compensatory and punitive damages, costs, and such other relief this Court deems just and proper.

## COUNT VI

## NEGLIGENCE AGAINST DEFENDANT SCHOOL BOARD

107. Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

108. During the school years of 2017 through 2020, Defendant SCHOOL BOARD was the owner and in possession of the real property located at 8650 Boynton Beach Blvd, Boynton Beach, Palm Beach County, Florida where it operated the Sunset Palms Elementary School.

109. During those years, as a student, Plaintiff JANIE DOE was an invitee of Defendant SCHOOL BOARD and was on its premises when its employee Defendant RANKINE intentionally assaulted, sexually assaulted, and battered Plaintiff JANIE DOE causing her serious and permanent injuries.

110. Defendant SCHOOL BOARD had a duty to provide adequate security to invitees, including Plaintiff JANIE DOE so that she would not suffer the types of actions that she suffered at the hands of Defendant RANKINE.

111. Defendant SCHOOL BOARD breached that duty in the following, non-exclusive manners:

    a.    Failing to provide adequate security in and around the premises so as to keep its students and invitees safe;

    b.    By employing individuals when it knew or should have known that such employees had a propensity for violence and/or sexual violence against children;

    c.    By failing to perform an adequate background check on its employee, Defendant RANKINE;

  d. Failing to protect Plaintiff JANIE DOE from harm, including criminal sexual battery;

  e. Failing to provide security on its premises that would prevent criminal acts of sexual battery and violence when it knew or should have known of the inherent risk of same on its premises;

  f. By failing to remove employee Defendant RANKINE from the premises when previously notified of his misconduct toward other students;

  g. By not investigating reports of misconduct by Defendant RANKINE toward other students; and

  h. By allowing Defendant RANKINE to remain in close contact with students after being notified of such misconduct.

112. As a result of Defendant SCHOOL BOARD's breach of its duty, Plaintiff JANIE DOE was severely injured.

113. The assault, battery, and sexual battery by Defendant RANKINE on Plaintiff JANIE DOE was reasonably foreseeable and could have been prevented. Given the propensity for violence and other inappropriate behaviors Defendant SCHOOL BOARD knew or should have known of the risks posed by its employee Defendant RANKINE and should have and could have prevented Plaintiff JANIE DOE's injuries.

114. As a direct and proximate result of Defendant SCHOOL BOARD's negligence, Plaintiff JANIE DOE has suffered grievous personal injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expensive psychological and medical care treatment. The losses are either permanent or continuing in nature and Plaintiff JANIE DOE will suffer the losses in the future.

**WHEREFORE**, Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby prays against DEFENDANT SCHOOL BOARD for compensatory and punitive damages, costs, and such other relief this Court deems just and proper.

## COUNT VII

### NEGLIGENT SUPERVISION OF DEFENDANT RANKINE AGAINST DEFENDANT SCHOOL BOARD

115. Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

116. Defendant SCHOOL BOARD is liable for the negligent supervision of Defendant RANKINE because they had, at the very least, constructive knowledge that he was unfit to work as employee where he is in contact, let alone unsupervised contact, with children.

117. In addition, Defendant SCHOOL BOARD negligently supervised him because he was allowed and permitted to (a) inappropriately touch students while in class and (b) enter undetected with pass keys into restrooms where he was able to sexually assault students including Plaintiff JANIE DOE

118. Defendant SCHOOL BOARD was negligent in failing to investigate claims against Defendant RANKINE that would have revealed that Defendant RANKINE improperly touched his students.

119. As a direct and proximate result of the of Defendant SCHOOL BOARD's negligence, Plaintiff JANIE DOE suffered severe mental pain and anxiety, as well as great inconvenience and embarrassment.

**WHEREFORE,** Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby prays against DEFENDANT SCHOOL BOARD for compensatory and punitive damages, costs, and such other relief this Court deems just and proper.

## COUNT VIII

### NEGLIGENT RETENTION OF DEFENDANT RANKINE AGAINST DEFENDANT SCHOOL BOARD

120. Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby re-alleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

121. Defendant SCHOOL BOARD was responsible for employing Defendant RANKINE as a schoolteacher at Sunset Palms Elementary School.

122. Defendant SCHOOL BOARD was required to make an appropriate investigation into any claims against its employees including Defendant RANKINE and failed to do so.

123. An appropriate investigation would have revealed the unsuitability of employee RANKINE for employment as a schoolteacher particularly when viewed in context of other wrongful and criminal conduct in his past.

124. During the course of his employment, Defendant RANKINE improperly touched numerous female students.

125. Defendant SCHOOL BOARD did not perform any investigation into the claims of inappropriate touching against Defendant RANKINE.

126. It was unreasonable for Defendant SCHOOL BOARD to retain employee RANKINE in light of the information it knew or should have known during the course of his employment at Sunset Palms Elementary School.

**WHEREFORE,** Plaintiff JANIE DOE, a minor, by and through M.B. and S.B., her Parents and Natural Guardians, hereby prays against DEFENDANT RANKINE for compensatory and punitive damages, costs, and such other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, JANIE DOE, a minor, by and through by and through M.B. and S.B., her Parents and Natural Guardians, and M.B. and S.B., individually, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**WITES & ROGERS, P.A.**
Attorneys for Plaintiff
4400 N. Federal Highway
Lighthouse Point, Florida 33064
954-570-8989/954-354-0205 (fax)

By: ___/s/ Marc A. Wites_____
Marc A. Wites
Fla. Bar No.: 24783
mwites@witeslaw.com