IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-CV-81355-RLR

JANIE DOE, a minor child, by and through
M.B. and S.B., her Parents and Natural Guardians,
and Individually,

Plaintiffs,

v.

PALM BEACH COUNTY SCHOOL BOARD a/k/a
SCHOOL DISTRICT OF PALM BEACH COUNTY,
and DAX RANKINE, Individually,

Defendants.
_____/

## DEFENDANT, DAX RAKINE'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, DAX RANKINE (hereinafter "RANKINE") by and through his undersigned attorney and hereby files this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint [DE 22] and would state as follows:

### I.     INTRODUCTION

1.     Admitted that the Plaintiff has alleged a claim of sexual assault and molestation. Defendant denies all remaining allegations and demands strict proof thereof.

2.     Defendant, RANKINE admits that he was a physical education teacher at Sunset Palms Elementary School during the period of 2017 through 2020.  Defendant is without specific knowledge as to the remaining allegations and they are therefore denied.

3.     The Defendant denies the allegations contained in ¶3 and demands strict proof thereof.

1

4. The Defendant denies the allegations contained in ¶4 and demands strict proof thereof.

5. The Defendant is without knowledge as to the allegations contained in ¶5, therefore denied.

6. The Defendant would admit for jurisdictional purposes only at this time.

7. The Defendant would admit for jurisdictional purposes only at this time.

8. The Defendant is without knowledge as to the allegations contained in ¶8 so Defendant is unable to admit or denied.

9. The Defendant is without knowledge as to the allegations contained in ¶9 so Defendant is unable to admit or deny.

10. The Defendant would admit.

11. The Defendant would admit that during the period of 2017 and 2018 Defendant was a physical education teacher at Palms Elementary School and employee of the Palm Beach County School Board. Defendant is without specific information to admit or deny the remaining allegations and would therefore deny.

12. The Defendant would admit that for the period of 2018 to 2019 Defendant was an employee of the Palm Beach County School Board and was a physical education teacher at Sunset Palms Elementary School, the Defendant is unable to respond to other allegations so they are denied and demand strict proof thereof.

13. The Defendant would admit that for the period of 2019 to 2020 Defendant was an employee of the Palm Beach County School Board and was a physical education teacher at Sunset palm Elementary School, the Defendant is unable to respond to other allegations so they are denied and demand strict proof thereof.

14. The Defendant denies the allegations in ¶14 and demands strict proof thereof.

15. The Defendant denies the allegations in ¶15 and demands strict proof thereof.

16. The Defendant denies the allegations in ¶16 and demands strict proof thereof.

17. The Defendant denies the allegations in ¶17 and demands strict proof thereof.

18. The Defendant denies the allegations in ¶18 and demands strict proof thereof.

19. The Defendant is without knowledge as to the allegations contained in ¶19, therefore denied.

20. The Defendant is without knowledge as to the allegations contained in ¶20, therefore denied.

21. The Defendant denies the allegations in ¶21 and demands strict proof thereof.

22. The Defendant denies the allegations in ¶22 and demands strict proof thereof.

23. The Defendant denies the allegations in ¶23 and demands strict proof thereof.

24. The Defendant denies the allegations in ¶24 and demands strict proof thereof.

25. The Defendant denies the allegations in ¶25 and demands strict proof thereof.

26. The Defendant denies the allegations in ¶26 and demands strict proof thereof.

27. The Defendant denies the allegations in ¶27 and demands strict proof thereof.

28. The Defendant denies the allegations in ¶28 and demands strict proof thereof.

29. The Defendant denies the allegations in ¶29 and demands strict proof thereof.

30. The Defendant denies the allegations in ¶30 and demands strict proof thereof.

31. The Defendant denies the allegations in ¶31 and demands strict proof thereof.

32. The Defendant denies the allegations in ¶32 and demands strict proof thereof.

33. The Defendant denies the allegations in ¶33 and demands strict proof thereof.

34. The Defendant is without sufficient information to either admit or deny whether Janie Doe needed to use the restroom on the day in question. All remaining allegations in the ¶34 are denied and demand strict proof thereof.

35. The Defendant denies the allegations contained in ¶35 and demands strict proof thereof.

36. The Defendant denies the allegations contained in ¶36 and demands strict proof thereof.

37. The Defendant denies the allegations contained in ¶37 and demands strict proof thereof.

38. The Defendant denies the allegations contained in ¶38 and demands strict proof thereof.

39. Admitted that during the year of 2020 Sunset Palms Elementary School moved to online classes because of the global pandemic.

40. Admitted that initially the Defendant's students were given a link to perform exercises at home as opposed to attending class with Defendant, however denied as students did have contact with the Defendant through Google classrooms when the Defendant returned to the school to teach remotely.

41. Admitted.

42. The Defendant would admit that the Florida Board of Education did deny Defendant's application initially, however unknown as to the exact date.

43. The Defendant admits in part that the Department of Education reached its conclusion to deny Defendant's application for an educator's license based on three prior

incidents which occurred. Defendant would deny the allegations as raised in ¶43 sub a, b, and c and demands strict proof thereof.

44. Admitted that the Department of Education initially denied Defendant's application for an educator's license. The Defendant is without specific knowledge as to the remaining allegations contained in ¶44 and therefore denied.

45. Admitted that the Defendant appealed the Board of Education's decision and ultimately entered into a resolution with the Board of Education and was issued his educator's certificate. "Numerous conditions" is undefined, therefore Defendant is unable to respond accordingly and would deny that portion of ¶45.

46. Defendant would admit that the School Board did employ Rankine. Denied as to the remaining portions of the paragraph.

47. Defendant would admit the portion of ¶47 regarding the fact that he was arrested by the Palm Beach County Sheriff's Office on the dates stated, but does not specifically recall the allegation as to his speed.

48. The Defendant would deny the allegations contained in ¶48 and demand strict proof thereof.

49. The Defendant would deny the allegations contained in ¶49 and demand strict proof thereof.

50. The Defendant is without knowledge as to the allegations contained in ¶50, therefore denied.

51. The Defendant is without knowledge as to the allegations contained in ¶51, therefore denied.

52. Admitted that Defendant requested his attorney when taken to the jail and refused a breath sample at that time.

53. The Defendant denies the allegations contained in ¶53 and demands strict proof thereof.

54. "At that point" is undefined therefore Defendant is unable to respond accordingly. Defendant does admit that he was arrested.

55. The Defendant did report his arrest to the principal of his school. The Defendant is without knowledge as to the remaining portions of the allegations contained in ¶55 and therefore denied.

56. The Defendant would admit that Sunset Palms Elementary School continued to employ Defendant after his arrest, however the Defendant would deny any allegation that he stated he had kids in the car because there were no children in the car, or that he had stated he was taking any kids to go drinking. The Defendant would deny that statement in its entirety.

57. The Defendant is without knowledge as to the allegations contained in ¶57 and therefore denied and demands strict proof thereof.

58. The Defendant is without knowledge as to the allegations contained in ¶58 and therefore denied and demands strict proof thereof.

59. The Defendant is without knowledge as to the allegations contained in ¶59 and therefore denied and demands strict proof thereof.

60. The Defendant is without knowledge as to the allegations contained in ¶60 and therefore denied and demands strict proof thereof.

61. Defendant deferred all communications regarding the case involving the Palm Beach County Sheriff's Office and DCF investigators to his legal counsel at the time. The Defendant would admit that he denied all allegations throughout the investigation.

62. The Defendant is without knowledge as to the allegations contained in ¶62 and therefore denied and demands strict proof thereof.

63. The Defendant is without knowledge as to the allegations contained in ¶63 and therefore denied and demands strict proof thereof. Defendant does admit that he is currently employed by the School Board.

64. The Defendant is without knowledge as to the allegations contained in ¶64 and therefore denied and demands strict proof thereof.

65. The allegations in ¶65 draw a legal conclusion and/or a misstatement of the law, Defendant is without the specific legal knowledge to admit the allegations raised in ¶65 as they request a legal conclusion and therefore would deny same and demands strict proof thereof.

## COUNT II

76. Defendant hereby realleges each and every response in ¶1-65 above as if fully set forth herein.

77. Defendant denies the allegations in ¶77 and demands strict proof thereof.

78. Defendant denies the allegations in ¶78 and demands strict proof thereof.

79. Defendant denies the allegations in ¶79 and demands strict proof thereof.

80. Defendant denies the allegations in ¶80 and demands strict proof thereof.

81. Defendant denies the allegations in ¶81 and demands strict proof thereof.

82. Defendant denies the allegations in ¶82 and demands strict proof thereof.

83. Defendant denies the allegations in ¶83 and demands strict proof thereof.

84. Defendant denies the allegations in ¶84 and demands strict proof thereof.

85. Defendant denies the allegations in ¶85 and demands strict proof thereof.

## COUNT III

86. Defendant hereby realleges each and every response in ¶1-65 above as if fully set forth herein.

87. Defendant denies the allegations in ¶87 and demands strict proof thereof.

88. Defendant denies the allegations in ¶88 and demands strict proof thereof.

89. Defendant denies the allegations in ¶89 and demands strict proof thereof.

90. Defendant denies the allegations in ¶90 and demands strict proof thereof.

91. Defendant denies the allegations in ¶91 and demands strict proof thereof.

92. Defendant denies the allegations in ¶92 and demands strict proof thereof.

## COUNT IV

93. Defendant hereby realleges each and every response in ¶1-65 above as if fully set forth herein.

94. Defendant denies the allegations in ¶94 and demands strict proof thereof.

95. Defendant denies the allegations in ¶95 and demands strict proof thereof.

96. Defendant denies the allegations in ¶96 and demands strict proof thereof.

97. Defendant denies the allegations in ¶97 and demands strict proof thereof.

98. Defendant denies the allegations in ¶98 and demands strict proof thereof.

99. Defendant denies the allegations in ¶99 and demands strict proof thereof.

100. Defendant denies the allegations in ¶100 and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. The Defendant would assert that the Plaintiff's cause of action or a portion of Plaintiff's cause of action may be barred by the applicable statute of limitations to a case of this nature.

2. The Defendant would assert that the Plaintiff's cause of action may be or is barred by the doctrine of latches.

3. The Defendant is entitled to a set off of all monies that have been paid or that are payable by all collateral sources for expenses, bills or other obligations incurred as a result of the subject incident.

4. The Plaintiff's damages should be reduced for the Plaintiff's failure to mitigate her damages.

5. The Defendant would assert that the Plaintiff's damages are not reasonable, related or necessary.

6. The Defendant would assert that the Plaintiff has failed to state a cause of action for assault against Defendant as the allegations made in the Plaintiff's Complaint are untrue.

7. The Defendant would assert that the Plaintiff has failed to state a cause of action for battery against Defendant, RANKINE as the allegations proffered to support that cause of action are untrue.

8. The Defendant would assert that the Plaintiff has failed to state a cause of action against Defendant for intentional infliction of emotional distress.

9. Any recovery by Plaintiff must be reduced to the extent of benefits paid or payable to Plaintiff from collateral sources as specified by statute.

WHEREFORE, the Defendant respectfully requests this Honorable Court enter judgment in its favor, trial by jury on all issues so triable and any further relief deemed just and proper.

>Thompson & Thomas, PA
>1801 Indian Road, Suite 100
>West Palm Beach, FL 33409
>(561) 651-4150 - Telephone
>(561) 651-4151 - Facsimile
>Lawyers@TNTlegal.com
>Attorney for Defendant, Dax Rankine
>
>  /s/Charles D. Thomas
>Charles D. Thomas, Esq.
>Florida Bar No.:  190896

**Certificate of Service**

It is hereby certified that on the 21st day of January, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specific, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic filing.

>s/ Charles D. Thomas
>Thompson & Thomas, P.A.
>1801 Indian Road, Suite 100
>West Palm Beach, FL 33409
>(561) 651-4150 - Telephone
>(561) 651-4151 - Facsimile
>Attorney for Defendant, Dax Rankine
>Lawyers@tntlegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  24-CV-81355-RLR

SERVICE LIST

Marc A. Wites, Esq.
Florida Bar:  24783
Wites & Rogers, PA
4400 N. Federal Highway
Lighthouse Point, FL 33064
(954) 570-8989 – Telephone
mwites@witeslaw.com
Counsel for Plaintiffs


Charles D. Thomas, Esq.
Florida Bar:  190896
Thompson & Thomas, PA
1801 Indian Road, Suite 100
West Palm Beach, FL 33409
(561) 651-4150 – Telephone
Lawyers@tntlegal.com
Service@tntlegal.com
Counsel for Defendant, Dax Rankine


J. Erik Bell, Esq.
Florida Bar.  328900
The School Board of Palm Beach County, Florida
3300 Forest Hill Blvd., Suite C-331
West Palm Beach, FL 33406
(561)434-7453 – Telephone
Jon.bell@palmbeachschools.org
Eric.reichenberger@palmbeachschools.org
Ana.jordan@palmbeachschools.org
Count for Defendant, Palm Beach County School Board